[Crim. No. 3904.   In Bank.—November 26, 1935.]

THE PEOPLE, Respondent, v. FLOYD C. BRITTON et al., Defendants; LINDEN PARKER et al., Appellants.

K. R. Jensen for Appellants.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Upon due consideration of this cause, after transfer from the District Court of Appeal of the Second Appellate District, Division Two, we are of the view that the decision and judgment of that court correctly disposes of the question involved.  As noted in the opinion of Mr. Justice *pro tem,* Fricke (Cal. App.) [45 Pac. (2d) 368], the identical question was decided by the District Court of Appeal of the Second Appellate District, Division One, a few months ago. We are of the view that that opinion (*People* v. *Bruneman,* 4 Cal. App. (2d) 75 [40 Pac. (2d) 891]), written by Mr. Presiding Justice Conrey, now an Associate Justice of this court, thoroughly presents the situation and determines the question.   On the authority of that decision, on which the District Court of Appeal rested the present decision, we believe that further consideration by this court is unnecessary.

We therefore adopt the opinion of Mr. Justice Fricke, *supra,* as follows:

"Appellants were found guilty of robbery, and kidnaping for the purpose of robbery. In view of the necessity of reversing the convictions for the cause hereinafter stated, there is no occasion to decide other points involved, as they present no questions of law which are not well settled. Neither does it appear that these questions will necessarily arise upon a retrial of the cause.

"Appellants claim reversible error because when the jury retired to deliberate the court directed that the alternate juror should retire to the juryroom with the jury, and that this was error even though the court instructed such alternate juror that while she might listen to the deliberations of the jury, she should not express any opinion or participate by word or action in those deliberations.

"Subsequent to the appeal herein this identical question was decided in *People* v. *Bruneman,* 4 Cal. App. (2d) 75 [40 Pac. (2d) 891], and we agree with the conclusions therein stated, that the presence of the alternate juror in the juryroom while the jury was deliberating upon its verdict was reversible error."

The judgments are reversed.

Shenk, J., Thompson, J., Langdon, J., and Conrey, J., concurred.

CURTIS, J., Dissenting.—I dissent. No possible injury was sustained by the defendant by reason of the presence in the juryroom of the alternate juror during the deliberations of the jury. It is presumed that she obeyed the instructions of the court, and if so, the verdict was not in any way influenced by her or by her presence in the juryroom during the deliberations of the jury. There is no evidence that the alternate juror disobeyed the instructions of the court, but even if she did disobey such instructions and did participate in such deliberations, she did no more than she would have had a perfect legal right to do had one of the regular jurors become unable to act and the alternate juror was ordered to take her place. If her participation in the deliberations of the jury after she became a regular juror would not have been prejudicial to defendant, it is difficult to understand how

these very same acts prejudiced the defendant when they were performed by her as an alternate juror. It may have been error to permit the alternate juror to be present during the deliberations of the jury, but as the defendant sustained no injury thereby, the judgment should not be reversed for such error.

Seawell, J., concurred.