Keating, J.
The defendants in this case stand convicted of the crimes of robbery in the first degree and assault in the second degree. They challenge the validity of these convictions on the ground that an alternate juror was substituted for a regular juror some five hours after the jury had begun deliberating on the case and that this violated their constitutional right to a trial by jury. The substitution was made after one of the regular jurors had been taken ill, and with the consent of the defendants’ counsel. The defendants themselves, however, were not present at the time nor were they consulted.
Section 358-a of the Code of Criminal Procedure provides that:
11 After final submission of a case, the court may discharge the alternate jurors, or if the court deem it advisable he may direct that one or more of the alternate jurors be kept in the custody of the sheriff or one or more court officers, separate and apart *102 from the regular jurors until the jury have agreed upon a verdict. If after the final submission of the case and before the jury have agreed upon a verdict, a juror die or become ill, or for any other reason he be unable to perform his duty, the court may order him to be discharged and draw the name of an alternate, who shall then take the place of the discharged juror in the jury room and the jury shall then renew its deliberations with the alternate juror, who shall be subject to the same rules and regulations as though he had been selected as one of the original jurors.”
It appears from the legislative history available that the portion of section 358-a here in question was enacted in 1952 at the suggestion of a Judge of the Court of General Sessions. In a letter to the Chairman of the Assembly Codes Committee he noted that a recent case over which he had presided and which had taken a number of weeks to complete ended in a mistrial when one of the jurors was forced to withdraw because of illness. The Judge indicated that he knew of at least two other instances where similar mistrials had resulted.
Prior to this amendment, section 358-a provided that alternate jurors were to be dismissed after the case was submitted to the jury. Substitution was only permitted prior to the commencement of deliberations.
In People v. Mitchell (266 N. Y. 15) we upheld the constitutionality of that statute. There, in accordance with section 358-a, two alternate jurors were selected and sat during the course of the trial. After the case was submitted both alternates were discharged. The defendant claimed that this violated his constitutional right to a trial by a common-law jury of 12.
We recognized that under our State Constitution a defendant was entitled to a jury of 12. We rejected, however, the defendant’s contention that the selection of alternate jurors in any way deprived him of that right. “ This defendant was not tried by a jury of fourteen men. Only twelve participated in the rendition of the verdict and they are the same twelve originally selected for performance of that service. Each heard all the evidence and at no time during the course of the trial did any one of them cease to function as a juror * * * The provisions of section 358-a are included as part of the procedure in many of the States * * * [and] are not only convenient but *103 just both to the public and the defendant and in no Avay conflict Avith our constitutional prohibition against the violation of substantial right of trial by jury as it Avas used prior to the adoption of the Constitution.” (Emphasis added.) (People v. Mitchell, supra, pp. 18-19.)
There is no question that the provision for the substitution of alternate jurors prior to the submission of the case to the jury is constitutional. During the course of the trial the 12 regular jurors and the alternate jurors are treated similarly in all respects. And since the jurors are not permitted to discuss the case among themselves until it is submitted to them, there is no Avay in Avhich the defendants ’ rights could be prejudiced if 1 or more of the 12 jurors are replaced by an alternate juror. TAvelve jurors Avho hear the evidence and are in all respects treated as jurors participate in the deliberations and render a verdict.
In the case at bar, however, the same cannot be said. After the case was submitted to the jury the alternate juror was kept separate and apart from the 12 jurors who were engaged in discussing the evidence and deliberating the verdict. It was only after some five hours of deliberations, Avhen one of the regular jurors was excused, that the alternate juror Avas permitted to enter the jury room and take part in the discussions. During that five-hour period the alternate “ cease [d] to function as a juror.”
As a result, the defendants argue, the ‘ ‘ alternate juror entered the jury room after the eleven original jurors had sifted the evidence and, in all probability, already formulated their preliminary positions. Most important of all, each of the eleven jurors was aAvare of the outlooks and positions of the others on the questions presented by the case, and sufficient time had elapsed so that surely the interplay of influences among and between the jurors had come into operation * * * [I]f deliberations had progressed to a stage where the original eleven Avere in substantial agreement, they Avere in a position to present a formidable obstacle to the alternate juror’s attempts to persuade and convince the eleven remaining original jurors.”
The defendants note, in addition, that 13 jurors participated in the deliberations — although only 12 voted and no more than 12 participated at any single time. This, they contend, docs not comply with what has been held to be the constitutional guarantee *104 of a common-law jury of 12 (People v. Mitchell, supra; People v. Cosmo, 205 N. Y. 91; Cancemi v. People, 18 N. Y. 128).
The case seems to be one of first impression in this State. The only other jurisdiction in which this procedure has been challenged on constitutional grounds appears to be California. The courts of that State have upheld the provision for substitution of an alternate juror after the case has been submitted to the jury. Unfortunately those cases do not discuss the issue in any depth nor do they indicate the reasoning behind their conclusions. (See People v. Love, 21 Cal. App. 2d 623; People v. Lanigan, 22 Cal. 2d 569.)
The Federal Rules of Criminal Procedure provide that alternate jurors must be discharged after the case is submitted to the jury (Federal Rules Grim. Pro., rule 24, subd. [c]). And a proposal that substitution be permitted after the case is submitted was rejected after the Supreme Court questioned whether sufficient consideration had been given to its desirablility and constitutionality. (See Orfield, Trial Jurors in Federal Criminal Cases, 29 F. R. D. 43, 46; United States v. Virginia Erection Corp., 335 F. 2d 868, 871.)
In addition, and perhaps most significant of all, is the fact that CPLR 4106 provides that in civil cases in this State alternate jurors must be discharged after the case is submitted to the jury. The reason that there is no provision for substitution after the case has been submitted to the jury is that the Advisory Committee felt that “ It is in only rare situations that the procedure could be used, and it is believed that an alternate juror who enters the jury room after deliberation has begun is not fully qualified to render an intelligent verdict, having missed part of the discussion and consideration which makes up the deliberative process.” (Second Prelim. Report of Advisory Committee on Practice and Procedure [N. Y. Legis. Doc., 1958, No. 13], p. 228.) Interestingly enough the Legislature has apparently refused to follow a suggestion of a panel of the Judicial Conference that the statute be amended to allow substitution of alternate jurors after submission of the case to the jury. (See 4 Weinstein-Korn-Miller, N. Y. Civ. Prac. par. 4106.04.)
We believe that the Constitution of this State, as it has been construed, prohibits the substitution of an alternate juror — *105 in. effect a 13th juror—after the jury has begun its deliberation. While it may be difficult in an individual case to evaluate the extent to which a defendant may be prejudiced by such a substitution, we believe that, once the deliberative process has begun, it should not be disturbed by the substitution of one or more jurors who had not taken part in the previous deliberation and who had “ cease [d] to function as ” jurors. (People v. Mitchell, supra.)
The People argue, however, that the substitution was made with .the consent of the defendants ’ counsel and that as a result they may not now claim that their right to a trial by jury has been violated.
The Constitution of the State of New York provides that the right to a trial by jury in criminal cases may be waived “by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense ” (art. I, § 2). Prior to the adoption of this amendment a jury trial could not be waived in criminal cases. And we had reversed the conviction of a defendant who had expressly consented to be tried by a jury of 11 after a juror had been taken ill (Cancemi v. People, supra).
In People v. Bruneman (4 Cal. App. 2d 75 [Calif. Dist. Ct. of App.]), the trial court, with the consent of the defendant’s counsel, permitted the alternate jurors to sit in on the jury’s deliberations. The two alternates had been instructed that they were not to take part in any of the discussion but were merely to listen. The District Court of Appeal of California, in an opinion later expressly adopted by the Supreme Court of California (People v. Britton, 4 Cal. 2d 622), held that the defendant’s right to a trial by a jury of 12 was violated and reversed the conviction. “If in the case at bar it be suggested that there were only twelve jurors who returned a verdict, it must be answered that to an extent which cannot be seen or measured, the process of agreement upon such verdict may have been, and probably was, influenced by the presence of fourteen persons,— the twelve jurors plus the two outsiders” (People v. Bruneman, supra, p. 81).
The California Constitution (art. I, § 7) provides that the right to a trial by jury can only be waived when both the defendant and his attorney consent in open court. The fact that the *106 attorney consented to this procedure, therefore, apparently did not preclude appellate review.
The consent given by the defendants’ counsel, in the case at bar, did not satisfy the constitutional requirements for waiver and, therefore, no waiver occurred.
For the reasons stated, the judgments of conviction should be reversed and a new trial ordered.