THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BARNES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 26, 1974, convicting him of robbery in the third degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and, as a matter of discretion in the interest of justice, indictment dismissed. In our opinion the substitution (without appellant's consent and over his objection) of an alternate juror after deliberations had commenced was prejudicial error (see *People v Ryan,* 19 NY2d 100). The subject theft involved the taking of $24 worth of meat from a supermarket. Appellant did not personally commit any act of violence. He has served his sentence. Under the circumstances, a dismissal of the indictment, rather than a new trial, is appropriate (see *People v Kvalheim,* 17 NY2d 510; cf. *People v Allen,* 39 NY2d 916). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS BUNCH, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 18, 1975, convicting him of robbery in the first and second degrees, grand larceny in the third degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of grand larceny in the third degree and petit larceny, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed (see *People v Grier,* 37 NY2d 847). Even assuming that the pretrial photographic identification procedure employed with respect to the witnesses Mee and Jessup was impermissibly suggestive, their in-court identifications had an independent source; namely, their observations at the time of the crime. Further, the record reveals that defense counsel expressly waived any and all objections to the admission of testimony as to the pretrial photographic identification, and to the photographs themselves, after he opened the door to this subject during cross-examination of the witness Jessup. Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.