OPINION OF THE COURT
Michael R. Juviler, J.
This opinion addresses the question whether, at a trial conducted in the absence of an absconded defendant, an alternate juror may replace a discharged juror after the jury has begun its deliberations, if defense counsel consents to the substitution.
Defendant James Cannady was charged with criminal possession of stolen property, unauthorized use of a vehicle, criminal mischief, reckless endangerment, and assault. On January 25, 1985, defendant was advised of his constitutional right to be present at trial and was told that the trial would proceed in his absence if he failed to appear. The court told him that the trial would begin on January 29.
On January 29, defendant failed to appear. The court issued a bench warrant and the case was adjourned for three weeks to February 20, to permit the District Attorney’s office to find the defendant. On February 20, pursuant to People v Parker (57 NY2d 136), a hearing was held to determine whether the People had made reasonable efforts to locate defendant and whether the trial should proceed in defendant’s absence. After the hearing, the court determined that the defendant had knowingly and intelligently waived his right to be present. The court ruled that the trial should proceed because the defendant could not be *784 located after reasonable efforts to find him, further adjournment to continue the search would be useless, and witnesses might be lost if there were more delay.
The trial proceeded and the case was submitted to the jury. When deliberations first began, the court retained the alternate jurors. The question arose whether the retention of the alternate jurors after the jury had begun its deliberations, in a trial of an absconded defendant, may ever have any utility; specifically, may an alternate juror be substituted for a deliberating juror without the defendant’s own written consent, and if not, is there any reason to keep the alternate available?
CPL 270.35 provides that when 1 of the 12 jurors is unable to finish the trial, “If an alternate juror or jurors are available for service, the court must order that the discharged juror be replaced by the alternate juror whose name was first drawn and called, provided, however, that if the trial jury has begun its deliberations, the defendant must consent to such replacement. Such consent must be in writing and must be signed by the defendant in person in open court in the presence of the court” (emphasis supplied).
Clearly, defendant’s written consent cannot be obtained at a trial in absentia. Is written consent necessary in that situation? A review of the history of CPL 270.35 and an analysis of the Parker decision indicate that it is.
CPL 270.35 codified the Court of Appeals decision in People v Ryan (19 NY2d 100). In Ryan, after the jury began deliberating, an alternate juror was substituted for a regular juror who had taken ill. The substitution was made with the consent of defendants’ counsel, but the defendants were not in court at the time, nor were they consulted. The Court of Appeals held that the substitution of the alternate juror for a discharged juror, after deliberations had begun and without defendants’ written consent, violated defendants’ right to a trial by jury.
This decision was based on analysis of the State Constitution. The State’s right to trial by jury, as interpreted by the courts, guarantees a defendant the right to have his guilt or innocence determined by a jury of 12, who conduct their deliberations as one body of 12 (People v Ryan, supra, at p 103; People v Gordon, 77 AD2d 662). Therefore, the substitution of an alternate juror after deliberations had begun violated the right to a trial by jury (People v Ryan, supra, at pp 104-105).
The right may be waived, however. NY Constitution, article I, § 2 permits a defendant to waive a jury trial “by a written instrument signed by the defendant in person in open court *785 before and with the approval of a judge or justice of a court having jurisdiction to try the offense.” Failure to comply with this procedure required voiding of the convictions in Ryan (supra) for the Court of Appeals is “scrupulous in enforcing compliance with the waiver provisions in those cases in which waiver is permissible”, even if defense counsel consents (People ex rel. Rohrlich v Follette, 20 NY2d 297, 300; see also, People v Barnes, 58 AD2d 608 [substitution of alternate juror without defendant’s consent and over his objection]; People v Leon, 28 AD2d 912 [substitution based upon defense counsel’s consent]; People v Adamson, 108 Misc 2d 394 [stipulation of counsel on record and in defendant’s presence]).
A defendant cannot be deemed to have waived his right to a jury trial solely by his inferred waiver of the right to be present at the trial. Both the right to be present and the right to a jury trial are fundamental constitutional rights; therefore, any waiver must be made knowingly, voluntarily, and intelligently. In the case of the waiver of the right to be present, this means that “the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial” (People v Parker, supra, at p 141). As for waiver of the right to a jury trial, section 2 of article I prescribes a formal procedure designed to ensure that defendant’s waiver is made knowingly, voluntarily, and intelligently. As with the right to be present, this waiver may not be inferred solely from the defendant’s absence.
The instant case may be contrasted with People v Sobotker (61 NY2d 44). In Sobotker, the defendant pleaded guilty to an offense and then gave Grand Jury testimony concerning the offense before he was sentenced. He signed no written waiver of immunity. Thereafter, defendant sought dismissal of the charges he had pleaded guilty to, claiming that by testifying before the Grand Jury he had acquired transactional immunity. Defendant relied on CPL 190.40 (2) and 190.45, which provide that a witness before the Grand Jury receives transactional immunity unless the witness waives immunity in writing. In rejecting the defendant’s contention, the Court of Appeals stated that the right to transactional immunity is merely statutory, as the statutes on immunity give broader benefits than the constitutional protection against self-incrimination requires, the latter being satisfied merely by protection against use of the witness’s testimony against him. The court perceived no need for strict compliance with the statute before it would deem the statutory right of immunity forfeited by a previous plea of guilty. In the case at bar, however, as in Parker (supra), the *786 right is a fundamental constitutional right. Therefore, the question is whether the defendant made a knowing and intelligent waiver, the validity of which depends upon compliance with the constitutionally prescribed method of waiving the right.
Accordingly, once a jury has begun deliberations in a trial in absentia, an alternate juror may not be substituted for a discharged juror, even if defense counsel consents, because defendant’s written consent cannot be obtained.
By contrast, the lawful procedure for discharging alternate jurors after deliberations have begun does not include defendant’s written consent. CPL 270.30 provides: “After the jury has retired to deliberate, the court must either (1) with the consent of the defendant and the people, discharge the alternate jurors or (2) direct the alternate jurors not to discuss the case and must further direct that they be kept separate and apart from the regular jurors.”
Does this section require “the consent of the defendant” expressly and in person before the alternate jurors may be discharged? The analysis above indicates not. This section does not concern a right of the magnitude of the right to a jury trial, as evidenced by the absence of the formal procedure prescribed by CPL 270.35. Therefore, when defendant has waived his right to be present at trial, he “should be deemed” to have delegated to his lawyer the authority to consent to the discharge of the alternate jurors. (Cf. People v Sobotker, supra, at p 48; People v Mills, 103 AD2d 379.)
If defense counsel and the People consent to the discharge of the alternate jurors, and subsequently a deliberating juror must be discharged, a mistrial will result; however, that also would be true if the alternate jurors were still in service, unless the defendant presented himself and consented in writing to a substitution. (Of course, if counsel determines that defendant might return to court before deliberations are completed and that the case went well for the defense, he or she could refuse to consent to the discharge of the alternates.)*

 In this case the prosecutor and the defendant’s lawyer consented to the discharge of the alternate jurors, and the alternates were discharged.