**PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Matthew BURNETTE, Defendant-Appellant.**

**No. 86CA0847.**

Colorado Court of Appeals, Div. III.

Oct. 29, 1987.

Rehearing Denied Dec. 3, 1987.

Certiorari Granted (People) April 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Janet Y. Fullmer, Deputy State Public Defender, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, Matthew Burnette, appeals a judgment of conviction of second degree assault. He contends that the court erred by allowing an alternate juror, who had been discharged, to replace an absent regular juror after the jury had begun its deliberations. We agree and reverse.

At the end of the presentation of evidence, the jury of twelve was given instructions and retired to deliberate. The alternate juror was discharged. The jury did not reach a verdict that day and was sent home. During the night, a severe snowstorm occurred with the result that one juror was prevented from traveling to court the following day. In addition, the chief judge of the district directed that the courthouse was to close at noon and all employees sent home.

Because defendant refused to consent to the return of a verdict by a jury of eleven, the court, over defendant's objection, summoned the previously discharged alternate juror. At about 11:15 a.m., the reconstituted jury was instructed to begin its deliberations anew. The jurors deliberated for approximately thirty minutes before being sent home. It returned to court on the following morning and returned its guilty verdict sometime on the following day.

Defendant contends that the court had no authority to recall the alternate, who had been discharged under Crim.P. 24(e), or to replace a regular juror with the alternate after the jury had begun to deliberate. We agree.

Crim.P. 24(e) provides in part:

"Alternate jurors in the order in which they are called shall replace jurors who, *prior to the time the jury retires to consider its verdict,* become unable or disqualified to perform their duties.... An alternate juror who does not replace a regular juror *shall be discharged at the time the jury retires to consider its verdict."* (emphasis added)

*See also* § 16–10–105, C.R.S. (1986 Repl. Vol. 8A).

The clear implication of this language is that an alternate juror is available to replace a juror unable to perform the necessary duties of the office only prior to the time the jury retires. Once the jury commences its deliberations, the alternate juror must be discharged and is no longer available for service.

Moreover, there are sound policy reasons for refusing to allow a juror, who has already commenced deliberations, to be replaced by an alternate. Since the replacement juror is not present for all of the deliberations, there exists the possibility that he might be subject to the coercion of the others who have already formulated or expressed opinions upon the issues. *See United States v. Phillips,* 664 F.2d 971 (5th Cir.1981), *cert. denied sub nom.,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). Further, there may exist a difficulty in achieving a truly unanimous verdict under such circumstances. *See* 3 ABA, *Standards For Criminal Justice,* Standard 15–2.7 (2d ed. 1980).

Fed.R.Crim.P. 24(c) contains terms substantially identical to Crim.P. 24(e). In courts governed by that rule the holdings are uniform that it does not authorize an alternate to replace a juror once deliberations have commenced. *See United States v. Hillard,* 701 F.2d 1052 (2d Cir.1983), *cert. denied,* 461 U.S. 958, 103 S.Ct. 2431, 77 L.Ed.2d 1318 (1983); *United States v.*

*Kopituk,* 690 F.2d 1289 (11th Cir.1982), *cert. denied,* 463 U.S. 1209, 103 S.Ct. 3542, 77 L.Ed.2d 1391 (1983); *United States v. Phillips, supra; United States v. Lamb,* 529 F.2d 1153 (9th Cir.1975). *See generally* 2 C. Wright, *Federal Practice & Procedure* § 388 (1982). *Note also People v. Ryan,* 19 N.Y.2d 100, 278 N.Y.S.2d 199, 224 N.E.2d 710 (1966) (state statute authorizing replacement of juror after deliberations have begun declared unconstitutional). While the 1983 amendment to Fed.R. Crim.P. 23(b) authorizes deliberations to continue with less than 12 jurors without agreement of the parties, there is no similar state rule.

Consistent with these decisions, we conclude that the trial court's action in replacing the absent juror with an alternate who had been discharged was error. Not all error is prejudicial, however, and we must, therefore, determine whether the court's actions prejudiced defendant.

Because the right to trial by jury is a fundamental one, prejudice will be presumed where an alternate juror is improperly allowed to witness the other jurors' deliberations, and, in such a case, the burden is on the People to demonstrate that his presence was harmless. *People v. Boulies,* 690 P.2d 1253 (Colo.1984). On the other hand, the replacement of a juror with an alternate after commencement of deliberations has been ruled not to be prejudicial error if the trial court adopts sufficient procedural safeguards to assure against undue influence or other prejudice as a result of the replacement. *See United States v. Phillips, supra* (alternate juror was not discharged, but kept sequestered, and, prior to recommencement of deliberations, both alternate and other jurors were subjected to additional voir dire to determine whether reconstituting jury would be prejudicial).

Here, the presence in the jury room of the discharged alternate juror, who had not been kept sequestered, but had been allowed to resume his place in the community, is sufficiently similar to the status of the alternate juror in *Boulies, supra,* to cause us to invoke a kindred rule. Thus, we hold that, if, as here, a discharged alternate juror is recalled to replace a juror who has been disqualified or is unable to perform a juror's functions after deliberations have commenced, it will be presumed, subject to rebuttal, that such replacement has resulted in prejudice to a defendant.

Here, the court made no inquiry of any type of the alternate as to his activities after his discharge and took no other steps to ascertain if he might have been subjected to extrinsic information or other improper influences. Likewise, it undertook no examination of the other jurors, either individually or collectively, to determine whether they could put their previous discussions out of their minds and recommence their discussions anew. Hence, the presumption of prejudice that arose from the court's violation of Crim.P. 24(e) was not overcome and that violation requires reversal of the judgment of conviction.

In light of our conclusions in this respect, we need not address defendant's other claim of error.

The judgment is reversed and the cause is remanded for a new trial.

KELLY and TURSI, JJ., concur.