■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL JAIME, Also Known as JAIME MIGUEL, Appellant.— Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered July 7, 1988, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10), for which he was sentenced as a persistent violent felony offender to a sentence of incarceration of seven years to life, unanimously affirmed.

Within minutes of a robbery the complainant, accompanied by police officers, pursued the assailants into a subway station where he pointed to the defendant, identifying him as one of the men who had robbed him. A search of the defendant following his arrest revealed a pair of sunglasses.

Defendant contends that his Sixth Amendment right to confront witnesses against him (US Const 6th Amend) was violated by the People's failure to call the complainant as a witness at the combined *Wade-Mapp* hearing. We first note that the defendant failed to make an objection at the hearing and thus did not preserve this question for judicial review. (CPL 470.05 [2]; *People v Tutt,* 38 NY2d 1011 [1976].)

Nevertheless, the contention lacks merit. The complainant's identification of the defendant was spontaneous and devoid of the suggestiveness which may accompany police-orchestrated identification procedures. *(People v Logan,* 25 NY2d 184, 193 [1969].) No absolute right exists to compel the People to call the complainant to testify at a *Wade* hearing. *(People v Peterkin,* 151 AD2d 407 [1st Dept 1989]; *People v Tweedy,* 134 AD2d 467, 468 [2d Dept 1987].) Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.