OPINION OF THE COURT
John A.K. Bradley, J.
The defendant moves to set aside his conviction for, among *871 other things, grand larceny, on the grounds that this court allegedly substituted an alternate juror during deliberations without having the defendant sign a written waiver.
When a juror became seriously ill after four hours of deliberation, the court considered the possible courses of action. The defendant, through the same counsel who brings on this motion, pleaded with the court not to declare a mistrial (because there had already been delays in the case) but to seat an alternate. At the request of the defense the alternate jurors had not been excused when the jury began its deliberations.
The court closely questioned counsel on the record, and then carefully questioned the defendant directly. The defendant clearly and unequivocally agreed to seating the alternate juror.
Now the defendant argues that honoring his request to seat the alternate has in fact assured that his trial was invalid. The court disagrees.
CPL 270.35 provides: "If at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service * * * the court must discharge such juror. If an alternate juror or jurors are available for service, the court must order that the discharged juror be replaced by the alternate juror whose name was first drawn and called, provided, however, that if the trial jury has begun its deliberations, the defendant must consent to such replacement. Such consent must be in writing and must be signed by the defendant in person in open court in the presence of the court. If no alternate juror is available, the court must declare a mistrial”.
The defendant cites as authority People v Ryan (19 NY2d 100) that seating an alternate juror during deliberations must satisfy the same constitutional requirement as waiver of a jury trial. While Ryan and much of its progeny suggest a constitutional underpinning for the statute cited above, the existence of a constitutional predicate has been questioned. (People v Donovan, 136 Misc 2d 47.)
In actuality, the writing requirement for consent to seat the alternate exists to insure that defendant’s consent is "know-in[g], voluntar[y] and intelligen[t]”. (People v Cannady, 127 Misc 2d 783, 785, affd 138 AD2d 616.)
*872 The cases cited by defendant (People v Ryan, supra; People v Adamson, 108 Misc 2d 394), for the proposition that on the record consent is not a substitute for signed consent, are both distinguishable. Neither case involved actual allocution of the defendant as was done here. Rather, only the defendant’s counsel in those cases discussed the issues. Considering the importance of the proposed waiver, the defendant’s direct involvement is required.
Here the court sought the defendant’s view personally. Indeed here the defense importuned the court to seat the alternate. It would flout the purposes of the waiver rule to allow defendant to demand replacement of the ill juror, and then argue lack of consent to seek to set aside the conviction.
The defendant also moves to set aside the verdict on the grounds that the pretrial showup identification was improper. Specifically, the court is alleged to have erred in denying the defendant’s request to have the complainant testify at the Wade hearing.
The court denied the request at the Wade hearing (since a Judge of coordinate jurisdiction had already ruled on the issue) and then refused to reopen the hearing at the time of trial. The complaining witness did testify at trial.
The defendant has offered no basis to cause the court to change its earlier decision. There is no requirement that the complaining witness testify at a Wade hearing. (People v Peterkin, 75 NY2d 985 [1990].) That rule is even more compelling when the identification is on-the-scene and not a police-orchestrated lineup or photo array. (People v Jaime, 157 AD2d 618 [1st Dept 1990].)
Accordingly, the defendant’s motion is denied.