■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL FLORES, Appellant. [621 NYS2d 350] —Judgment of the Supreme Court, Bronx County (Joseph Fisch, J.), rendered February 25, 1993, convicting defendant, after jury trial, of one count of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree, and one count of criminal use of drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 9 to 18 years on the sale and possession counts, and a concurrent definite one year term on the drug paraphernalia count, is unanimously reversed, on the law, and the matter remanded for a new trial.

Following the start of jury deliberations, the jury sent two notes for additional instructions. Before the deliberating jurors were returned to the courtroom, the court advised the alternate jurors that they would be asked to remain "for awhile" because one of the deliberating jurors "indicated she was in distress". The court added, "In fact, we are going to send you to dinner with the jury". The deliberating jurors

were then returned to the courtroom and additional instructions were given. Following a bench conference, the court directed the deliberating jurors to "deliberate a little longer and then we will send you out to dinner". The court added, "the alternates will stay here as well".

At 7:00 P.M. (apparently less than one hour later), the deliberating jury was returned to the courtroom. The court announced that the jurors would be going out to dinner and directed the jurors to cease deliberations during the dinner break and to refrain from discussion of the case during the dinner break. The court noted that following dinner, "the officers will return you to the jury room and at that point I would ask that you continue your deliberations".

The court's direction that the alternate jurors be sent out to dinner "with the jury" violates the express sequestration provisions of CPL 270.30 (as well as the related requirement that deliberating jurors refrain from communication with non-deliberating jurors, pursuant to CPL 310.10). The relevant portion of CPL 270.30 reads as follows: "After the jury has retired to deliberate, the court must either * * * discharge the alternate jurors or * * * direct the alternate jurors not to discuss the case and must further direct that they be kept separate and apart from the regular jurors".

The Court of Appeals has held that, notwithstanding a defendant's failure to object (which is the case herein), it is reversible error, as it affects the mode of the proceedings prescribed by law (People v Santana, 78 NY2d 1027).

The trial court committed further error when it substituted an alternate juror for a deliberating juror without defendant's written consent, signed by defendant in open court, as expressly required by the provisions of CPL 270.35. Because the substitution of a deliberating juror implicates the constitutional right to a jury trial and is subject to similar constitutional protections, the consent of his trial counsel did not serve as an effective waiver of the express requirements of CPL 270.35 (People v Ryan, 19 NY2d 100, 105).

People v Page (153 Misc 2d 870, affd 210 AD2d 41) is distinguishable from the instant case. In Page the court sought and received the defendant's personal, on-the-record allocution agreeing with his counsel's express request for the substitution of an alternate juror for a seriously ill deliberating juror.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.