■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA FORD, Appellant. [635 NYS2d 239] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered November 15, 1994, convicting her of intentional real estate securities fraud, upon a jury verdict, and imposing sentence.

dant from a judgment of the County Court, Nassau County (Mackston, J.), rendered November 15, 1994, convicting him of offering a false instrument for filing in the first degree and perjury in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

However, the defendant's conviction must be reversed, and a new trial ordered, because the trial court failed to obtain the defendant's consent, on the record in open court, before substituting an alternate juror for a deliberating juror. As the Court of Appeals held in People v Ryan (19 NY2d 100), when an alternate juror is substituted for a deliberating juror the defendant's right to a trial by jury has been implicated. In order to permit this substitution the defendant must essentially waive his right to a jury trial, and such a waiver may only be effective when embodied in "a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense" (NY Const, art I, § 2). Consistent with this provision and with Ryan the Legislature enacted CPL 270.35, which provides that a discharged juror shall be replaced by the alternate juror whose name was first drawn "provided, however, that if the trial jury has begun its deliberations, the defendant must consent to such replacement. Such consent must be in writing and must be signed by the defendant in person in open court in the presence of the court".

Here a deliberating juror was discharged shortly after deliberations had begun, and the alternate juror was substituted for her. While the trial court stated that the discharge was agreed upon by counsel and was being done "with the consent of counsel and the parties", the defendant's consent to the substitution was never obtained by the court on the record, either orally or in writing. Thus the substitution was ineffective, and reversal is required (see, People v Flores, 211 AD2d 557; cf., People v Page, 153 Misc 2d 870, affd 210 AD2d 41).

In light of the foregoing, we do not consider the defendant's remaining contentions. Thompson, J. P., Ritter, Joy and Florio, JJ., concur.