■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA FORD, Appellant. [635 NYS2d 239] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered November 15, 1994, convicting her of intentional real estate securities fraud, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's contention that the evidence adduced at trial was both legally and factually insufficient to support the jury's verdict is without merit. Viewing the evidence adduced at the trial in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the jury's finding that the defendant intentionally engaged in fraud, deception, concealment, suppression, or false pretense, or made a material false representation or statement with intent to deceive or defraud, while engaged in promoting the sale of securities, and thereby wrongfully obtained property of a value in excess of $250 *(see,* General Business Law § 352-c [6]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, the defendant's conviction must be reversed, and a new trial ordered, based upon the trial court's failure to obtain the defendant's consent, on the record in open court, before substituting an alternate juror for a deliberating juror *(see, People v Ford,* 222 AD2d 451 [decided herewith]).

In light of the foregoing, we do not consider the defendant's remaining contentions. Thompson, J. P., Ritter, Joy and Florio, JJ., concur.