Smith, J.
(dissenting). The issue presented on this appeal is whether the statutory requirement that a defendant agree in writing, to the replacement of a juror unable to continue *12 deliberating with an alternate juror, requires a reversal and a new trial here. Under the unique circumstances of this case, I conclude that reversal is not required.
The defendant was charged with grand larceny and unauthorized use of a motor vehicle arising out of the theft of a Maxima automobile belonging to a stock broker, the complainant, who had purchased the car in August 1990 for $35,000. On November 19, 1990, soon after the complainant had lost a set of car keys, a witness saw defendant drive away in the Maxima with the codefendant, Willie Rodriguez, in the front passenger seat. About 10 minutes later, the police apprehended the defendant and codefendant in the car.
Just prior to the commencement of jury deliberations, defendant specifically requested that the trial court retain the alternate jurors in the event something should happen to any of the regular jurors. Four hours after the jury began deliberating, juror number one became seriously ill and asked to be excused. The trial court extensively questioned the juror and provided both attorneys with the opportunity to question him as well. Only the defense attorney chose to question the juror. The juror was then asked to retire for a few minutes and the following colloquy occurred:
"me. aidala:[*] May we approach?
"the court: Yes.
"(discussion at the bench between court and COUNSEL OFF THE RECORD)
"the court: Yes, Mr. Aidala?
"me. aidala: Yes, your Honor, I’ve had extensive conversation with Mr. Page concerning this matter. As the Court may be aware, Mr. Page has been incarcerated on this case since November the 19th of 1990, and certainly he has a right to some resolution of it by this time. It’s supposed to be a speedy disposition. And parts of the delay is the fact that the prosecution improperly presented the case to the first grand jury. So, he has told me that he will consent to the alternate being substituted at this *13 time and it’s with the understanding that in no way will his consent at this time be ever interpreted as acting as a waiver of any prior objections and mistrial motions, that all those prior mistrial motions and all the other motions still have the same legal effect as if there was no substitution of the alternate at this time.
"the court: All right. Mr. Aidala, it is my understanding that the substitution of an alternate which does require your consent and Mr. Paige’s [sic] consent in no way waives your previous mistrial motions or any other motion that you may have made. We did discuss this at the bench and it is my understanding that you are acting on reliance on my understanding of the law.
"mr. aidala: That’s correct, were that representation not made, Judge, then we would not consent to the replacement and we would obviously have a mistrial at this time.
"the court: All right. Mr. Aidala, do you now consent to the substitution of an alternate?
"mr. aidala: Yes, your Honor.
"the court: Mr. Page, do you consent to the substitution of an alternate?
"the defendant: Yes.
"the court: And, Mr. Page, have you had adequate opportunity to discuss this subject with Mr. Aidala, your attorney?
"the defendant: Yes.
"the court: Mr. Irwin, do you have any objection to the substitution of an alternate?
"mr. irwin: No.
"the court: All right. All right, let us first bring in [the juror] then we’ll excuse him, then we’ll bring in the jurors and the alternates.”
After this extended colloquy, the court seated the alternate juror and instructed the reconstituted jury to begin its deliberations anew. On December 19, 1991, defendant was convicted of grand larceny in the third degree and unauthorized use of a vehicle in the third degree.
*14 Defendant then brought a motion to set aside the judgment of conviction and sentence on the grounds that the court substituted the sworn deliberating juror for the alternate juror, and without defendant’s written consent. Defendant’s motion was denied by Supreme Court, which held that substitution of the ailing juror without a written waiver did not invalidate the conviction because defendant insisted upon replacing the ill juror, and, after being questioned in open court, agreed to seating the alternate. The Appellate Division affirmed the substitution, holding that "[t]o do otherwise would exalt form over substance” (People v Page, 210 AD2d 41).
On appeal, defendant maintains that the replacement of a juror after the commencement of deliberations and without his written consent violated CPL 270.35 and the New York Constitution. The People counter that because (1) defendant asked the court to substitute an alternate for the ill deliberating juror; (2) the court took procedural precautions, including instructing the reconstituted jury to begin deliberating anew; and (3) defendant was personally allocuted on the record about his consent, the court’s failure to obtain defendant’s written consent to the substitution did not require reversal of his conviction.
The majority claims that reversal is required because substitution of an ailing juror with an alternate once deliberations have begun is implicated by the right to a jury trial guaranteed by article I, § 2 of the New York State Constitution. However, this claim is not supported by an examination of the 1938 Constitutional Convention where an amendment permitting the waiver of a jury trial was proposed. The record of the debates on the proposed amendment clearly indicates that the debaters wished to ensure that a defendant fully understood what he was doing when waiving a jury trial and that the court participate in such a waiver. These concerns are illustrated in two comments made by Mr. Sears during the debate:
"It was thought by the proposer of two amendments that there should be some restriction upon the right to waive, so as to assure the defendant an understanding of what he was doing, and it was proposed that the waiver must be made in writing and in court as a protection to the rights of the defendant. * * *
*15 "The proposal is a very simple one. It is intended to protect the rights of the defendant, to assure him by the necessity for an approval by the judge of full opportunity to understand what he is doing. That is all that there is in this proposal, and we ask that that be advanced” (2 Revised Record of 1938 NY State Constitutional Convention, at 1274).
Nothing in the Constitutional Convention even remotely touches on the method for substituting an alternate juror after deliberations have begun, the narrower issue posed by this appeal. That is a problem of pure statutory construction, implementation and application.
It is true that we have previously suggested, in People v Ryan (19 NY2d 100), that an alternate juror cannot be substituted for any juror already on the panel once the jury has begun to deliberate. Ryan states:
"We believe that the Constitution of this State, as it has been construed, prohibits the substitution of an alternate juror — in effect a 13th juror — after the jury has begun its deliberation. While it may be difficult in an individual case to evaluate the extent to which a defendant may be prejudiced by such a substitution, we believe that, once the deliberative process has begun, it should not be disturbed by the substitution of one or more jurors who had not taken part in the previous deliberation and who had 'cease[d] to function as’ jurors. (People v. Mitchell, supra.)” (Ryan, at 104-105.)
While the foregoing excerpt from Ryan, taken literally, poses a high hurdle with respect to the substitution which occurred here, the only constitutional mandate for per se reversal is if defendants unknowingly, without understanding what they were doing, waived their right to a jury trial. That is not this case. Moreover, defendant’s waiver here did not implicate his right to a jury trial as such, but rather his right to state his waiver in writing.
Even if the right to a jury trial had been at issue, the record here demonstrates, in stark contrast to Ryan, that the defendant understood the implications of waiving his right to a jury trial and avowedly desired to do so. In Ryan, the trial court substituted an alternate juror, after a regular juror became ill during deliberations, solely upon the oral consent of defendants’ counsel. The defendants were not consulted about the substitution and were not present at the time the substitution was *16 made. Thus, Ryan involved the relinquishment of a constitutional right without any indication that the defendants knew, understood or weighed the desirability or consequences of such a waiver. In contrast, the record here reflects that the trial court engaged in extensive discussions with the defendant personally, with defense counsel present, about replacing the ailing juror. The only infirmity which occurred here is that the defendant did not waive the written consent requirement of CPL 270.35 and New York Constitution article I, § 2 in writing. Contrary to defendant’s contentions, this Court’s holding in Ryan does not compel a per se reversal of his conviction. As the Appellate Division found, that would favor form over substance in a case such as this (210 AD2d 41).
CPL 270.35 provides that a defendant must consent to the replacement of a sworn juror during deliberation. Under the statute, such consent must be in writing signed by the defendant in open court in the presence of the court. The consent provisions of CPL 270.35 are similar to those required for a waiver of a jury trial contained in the New York Constitution, article I, § 2 and CPL 320.10 (2). Although the court conducted a lengthy colloquy on the record with defendant before substituting an alternate juror for the ill juror, defendant’s written consent to the juror substitution was never obtained.
Despite the requirement in the Criminal Procedure Law of written consent by a defendant to the substitution of an already sworn juror after deliberation has commenced, on this record, there was an implicit waiver by defendant of his constitutional right requiring that he sign a statement consenting to the seating of the alternate juror. Defendant insisted that the court seat the alternate juror rather than declare a mistrial. Additionally, the court spoke at length with defendant directly, on the record, to determine whether defendant’s consent was knowingly, voluntarily and intelligently made.
This view and analysis do no damage to the fabric of the law or its proper application. Moreover, we have previously held that constitutional rights may explicitly be waived (see, People v White, 32 NY2d 393, 399 [waiver of right to speedy trial]; People v Epps, 37 NY2d 343, 350 [waiver of right to be present during trial]; People v Allen, 39 NY2d 916, 917 [waiver of right to counsel]; People v Rodriguez, 50 NY2d 553, 557 [waiver of right to speedy trial]; People v Harris, 61 NY2d 9, 17 [waiver of right to constitutional protections]; People v Connor, 63 NY2d 11, 17 [same]; People v Seaberg, 74 NY2d 1, 11 [waiver of right to appeal]; People v Webb, 78 NY2d 335, 339 [waiver of the *17 right to request sequestration of a jury]). We have also stated that there can be an implicit waiver of constitutionally protected rights (see, People v Davis, 55 NY2d 731, 733 [implicit waiver of Miranda rights]; People v Sirno, 76 NY2d 967, 969 [implicit waiver of Miranda rights]).
Since the record clearly demonstrates that the defendant knowingly waived his right to written consent, reversal of his conviction is neither compelled nor warranted.
Judges Simons, Titone, Levine and Ciparick concur with Chief Judge Kaye; Judge Smith dissents and votes to affirm in a separate opinion in which Judge Bellacosa concurs.
Order reversed, etc.

* Because the court stenographer misspelled Mr. Aidala’s name in the transcript of the proceedings, "Aidala” has been substituted for "Aidela” throughout.