RAYMOND J. FAIRCHILD, as Administrator of the Estate of KAROL A. FAIRCHILD, Deceased, Respondent, *v.* CERVI BROS. TRUCKING Co. et al., Appellants, et al., Defendant. (Action No. 1.)

ETHEL SMITH, an Infant, by Her Guardian ad Litem, HELEN PAVIA, Respondent, *v.* JOHN CERVI et al., Copartners Doing Business as CERVI BROS. TRUCKING Co., et al., Appellants, et al., Defendant. (Action No. 2.)

RONALD G. POWLES, Respondent, *v.* JOHN CERVI et al., Copartners Doing Business as CERVI BROS. TRUCKING Co., Appellants, et al., Defendant. (Action No. 3.)

MULFORD DE FOREST, as Administrator of the Estate of DAVID H. DE FOREST, Deceased, Respondent, *v.* JOHN CERVI et al., Individually and Doing Business under the Name of CERVI BROS. TRUCKING Co., et al., Appellants. (Action No. 4.)

LUCILLE A. TYSSE, Respondent, *v.* JOHN CERVI et al., Copartners Doing Business as CERVI BROS. TRUCKING Co., Appellants, et al., Defendant. (Action No. 5.)

JOHN TYSSE, Respondent, *v.* JOHN CERVI et al., Copartners Doing Business under the Name of CERVI BROS. TRUCKING Co., Appellants, et al., Defendant. (Action No. 6.)

Third Department, May 10, 1956.

*Paul F. Donohue* for appellants.

*Amedeo H. Volpe* for respondent in Action No. 1.

*Christian X. Kouray* and *Athena C. Kouray* for respondent in Action No. 2.

*James A. Leary, Walter A. Fullerton, Charles W. Aussicker* and *Francis J. Keehan* for respondent in Action No. 3.

*John B. Lurie* for respondent in Action No. 4.

*G. Bradley Anderson* for respondents in Actions No. 5 and No. 6.

HALPERN, J. On September 12, 1952, a head-on collision occurred on Route 20, near Canandaigua, New York, between a tractor-trailer, owned by the appellant Cervi Bros. Trucking Co.

and operated by the appellant Roberts, and a passenger automobile owned by George Powles and operated by David de Forest.

Riding in the automobile as passengers were Ronald Powles, the son of the owner, and the Misses Fairchild, Smith and Tysse. All of the occupants of the passenger automobile were college students on their way to Hope College in Holland, Michigan. The truck was loaded with steel plate and was on its way from Lackawanna, New York to Elmira, New York.

The car was proceeding west; the truck east. They collided head-on and the proof upon the trial was principally concerned with the question of which side of the road the vehicles were on when the collision occurred. The truck driver maintained that, as he was proceeding east in the eastbound lane, the passenger car, proceeding west, came over a small knoll on the wrong side of the highway. Ronald Powles, who was sitting in the right front seat of the car, testified that the car was proceeding west in the westbound lane and that, as it came over the top of the knoll, the truck, proceeding east, suddenly veered to the left into the westbound lane and struck the car.

David de Forest, the driver of the passenger car, died as a result of the collision and his administrator brought an action against the owner and driver of the truck. Miss Fairchild was also killed in the collision and her administrator brought an action both against the owner and operator of the truck and against George Powles, the owner of the passenger car. Miss Smith, by guardian, and Miss Tysse and Miss Tysse's father brought personal injury actions against the same defendants. The remaining passenger, Ronald Powles, brought an action against the owner of the truck. It may be noted at this point that the court charged without exception that, since Ronald Powles was in control of the passenger car on behalf of the owner, any negligence on the part of the driver of the car was attributable to him. Roberts, the driver of the truck, brought an action against George Powles, as owner of the passenger car, for his personal injuries. The actions were all tried together.

The jury resolved the questions of fact in favor of the occupants of the passenger car and against the driver and owner of the truck. Upon a review of the record, we find that the jury's verdicts were in accord with the weight of the evidence.

The principal question upon this appeal concerns a problem which arose in connection with the jury's reporting of its verdicts. Initially, the jury reported verdicts totaling $122,000 in favor of all the occupants of the passenger car against Cervi Bros., the owner of the truck, and Roberts, the driver of the

truck (except that the verdict in favor of Ronald Powles was against Cervi Bros. only, Roberts not having been served in that action), and verdicts of no cause of action as against the defendant George Powles, in the actions in which he had also been named as a defendant. The jury also reported a verdict of no cause of action in the action of the truck driver Roberts against George Powles.

Upon the polling of the jury, at the request of the defendants' counsel, it was found that the verdicts were unanimous in all the actions except that, in the case of Ronald Powles, the vote was 10 to 2 and in the case of Mulford de Forest, as administrator of David de Forest, the vote was only 9 to 3. The court thereupon stated to the jury that "in view of the other verdicts in the case, I would assume, but I am not asking you, that the question in dispute perhaps involves the question of the amount of damages in the Mulford de Forest case. I am going to ask you to retire again and give the matter further consideration. If you are able to come to a verdict or an agreement in that action alone, you will notify the Court ".

Counsel for the defendants Cervi Bros. and Roberts noted that " since that particular case involves the driver of this vehicle " the court's assumption that the jury had been divided only on the question of damages might not be correct. The court thereupon withdrew its comment and instructed the jury to disregard what it had said about damages being the question in dispute in the de Forest case and instructed the jury to reconsider the whole de Forest case. The defendants' counsel then requested " that the jury be asked to reconsider all of their verdicts in view of the fact that there may be a possibility, as I have mentioned, that the question of liability may be in question here." The court refused this request.

The jury accordingly retired and, about 15 minutes later, returned with a verdict in favor of the plaintiff in the de Forest action against the owner and operator of the truck for $10,000, the same amount as that which it had abortively attempted to report as its verdict originally. This time, upon polling, it appeared that the vote of the jury was 11 to 1.

We find no error in the procedure adopted by the court. The court was confronted, not with inconsistent verdicts, but rather with incomplete verdicts or the total absence of a verdict in one of the cases (*Warner* v. *New York Central R.R. Co.*, 52 N. Y. 437; *Porret* v. *City of New York*, 252 N. Y. 208, 211). The court quite properly sent back to the jury the case in which the jury had not yet arrived at a valid verdict. The question of inconsistency could arise only upon the coming in of a verdict in that

case. A verdict of no cause of action in the de Forest case would undoubtedly have been inconsistent with the verdicts in the other cases. It was undisputed that the next of kin of de Forest had suffered some damage, at least in the amount of the funeral bill, and the jury had found by its verdicts in favor of the passengers against the owner and driver of the truck that the driver of the truck had been negligent and, by the verdicts of no cause of action in all the actions as against the defendant Powles and by the verdict in favor of Ronald Powles (who was chargeable with any negligence on the part of the driver of the passenger car), the jury had found that de Forest, the driver of the passenger car, had not been guilty of any negligence. Therefore, if the jury had brought in a verdict of no cause of action in the de Forest case, the court would have been under the necessity of sending all the verdicts back to the jury for reconsideration on the ground that they were inconsistent with each other (*Gray* v. *Brooklyn Heights R.R. Co.*, 175 N. Y. 448; *Thorsen* v. *Metzgar*, 278 App. Div. 421). However, that stage was never reached because, as we have seen, more than 10 of the jurors finally agreed upon a verdict in favor of de Forest against the owner and driver of the truck, a verdict which was wholly consistent with the other verdicts.

The court was not under any obligation to reject the verdicts in the other cases and send those cases back to the jury, at the time of the jury's initial report, and, in fact, the court had no power to reject those verdicts at that time. They were complete and valid verdicts and were not inconsistent with any action which the jury had as yet taken. It is true that, as argued by the appellants, the jury may have felt psychologically under compulsion to find in favor of de Forest when it took up the reconsideration of that case after it had reported the verdicts in the other cases, since any other verdict would be inconsistent with the reported verdicts. But this compulsion was not the result of any action on the part of the court; it was the result of the jury's own action in having decided the other cases as it did. While the compulsion may have differed in degree, it did not differ in kind, from the compulsion to find consistent verdicts, under which the jury had labored throughout its original deliberations. As soon as the jury, in the course of its deliberations in the passenger cases, decided that the driver of the truck had been negligent and that the driver of the passenger car had not been negligent and decided to render verdicts in the passenger cases accordingly, the jury was required, in order to be logically consistent, to give a verdict in favor of the driver of the passenger car.

Furthermore, when the court requested the jury to continue its deliberations in the de Forest case, it did not give the jury any instructions requiring it to decide the underlying issue of liability in that case in any particular way. The jury was legally free to reconsider the issue of liability, if it wished to do so, and to decide it against de Forest. Of course if it did that, as we have pointed out, the court would have had to set aside all the verdicts and resubmit all the cases and the jury would then have had an opportunity to reconsider all its verdicts in the light of its newly arrived at views. But the court had no right, and certainly it had no duty, to anticipate that result and to set aside all the verdicts and resubmit all the cases to the jury at the time of the jury's original report. As it turned out, no need for resubmission of the other cases ever arose; the jury finally arrived at a verdict in the de Forest case which was consistent with the other verdicts.

The judgments appealed from should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Judgments and orders affirmed, with costs to respondents in each action.