■ RALPH MOON, Respondent, v. HENRY D. FINKLE, Appellant, et al., Defendant.— Appeal from a resettled order of Trial Term, Supreme Court, Warren County. A verdict in favor of the defendant has been set aside by the court at Trial Term on the ground that plaintiff was prejudiced by the attitude of mind of a juror who participated in the verdict. The action is for negligence and involves injuries claimed to arise from the loading of a truck. The questions asked the jury panel before being sworn were not stenographically taken and are in dispute. Plaintiff's affidavits show that the jurors called were asked collectively if they " had any prejudice against an automobile accident case of this type " and if they knew of any reason why they could not sit in the case " and be fair to both sides ". The juror here involved, then in the box, did not answer or make any statement of what his views on the subject of these questions were. In contradicting this, the attorney for defendant swears in an affidavit that "he is sure that" the attorney for plaintiff "did not ask the jurors any questions about prejudice against automobile accident cases". This is not precisely a factual denial of the sworn statement of attorney for plaintiff since it does not categorically deny the factual statements made. What one is "sure" of may suggest various shades of interpretation. In a later case in the same Trial Term before the same Judge the juror was asked about prejudice in negligence cases and said "I don't like it". He was asked further if he would prefer not to sit in that case and he added in "Any of these cases "; and when the Judge asked him whether he had formed some prejudice, he answered "Well, I don't know". The issue of fact raised as to whether the questions claimed to have been asked were in fact asked has been resolved by the decision of the court favorably to respondent. There is no doubt whatever about the state of the juror's mind at the time he was accepted for service in this case; and that in that state of mind he ought not to have undertaken to sit as a juror. We think the order for a new trial was well within the discretion of the Trial Term on this record. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.