■ CAROLINE B. KENNARD, as Administratrix of the Estate of LEONARD E. COKER, Deceased, Respondent-Appellant, v. WELDED TANK & CONSTRUCTION Co., INC., Defendant and Third-Party Plaintiff-Appellant. COLORADO FUEL & IRON Co., Third-Party Defendant-Respondent. (Action No. 1.) (And Three Other Actions.) — Judgment of the Supreme Court, Nassau County, dated July 21, 1961, affirmed insofar as appealed from, with one bill of costs to respondent Colorado Fuel & Iron Co. against appellants Karran, Welded Tank & Construction Co., Inc., and C. W. Lauman & Co. jointly. No opinion. Brennan, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum, in which Christ, Acting P. J., concurs: On or about August 20, 1952 defendant Colorado delivered certain tank heads to defendant Welded. The latter thereafter used two of the tank heads in the manufacture of two steel tanks, which it delivered in December, 1953 to plaintiff C. W. Lauman & Co. On February 24, 1954, while Lauman was installing the tanks as part of a water storage and distribution system for the owner of a real estate development, one of the tanks exploded, injuring one Karran and killing one Coker (both employees of Lauman). After trial in 1960, the jury found general verdicts (a) against Welded in the Coker wrongful death action and (b) against Welded and Colorado in the Karran actions for personal injuries and in the Lauman action for property damage. However, the jury also made special findings that, although

Welded was guilty of negligence, Colorado was not. The trial court thereupon directed entry of judgment dismissing the complaints against Colorado in the Karran and Lauman actions and also dismissing Welded's third-party complaints and cross claim on the grounds that (1) section 459 of the former Civil Practice Act provided that, where a special finding is inconsistent with a general verdict, the former controls the latter, and the court must render judgment accordingly; (2) the special findings were inconsistent with the general verdict; (3) the statute was mandatory and the court was without power to resubmit the matter to the jury or to order a new trial; and (4) the evidence supports the special findings. In my opinion, section 459 of the former Civil Practice Act should be given the same interpretation which present CPLR 4111 (subd. [c]) makes explicit, namely, that where a special verdict is inconsistent with the general verdict the court shall direct the entry of judgment in accordance with the special verdict, or require the jury to further consider the special verdict, or order a new trial. In the present case the appendix is insufficient to enable this court to determine whether the evidence supported only the special findings. Since the now-disbanded jury may not be requested to further consider the special findings, the only alternative is to order a new trial.