HENRY JACQUES, Appellant-Respondent, *v.* SEARS ROEBUCK & COMPANY, INC., et al., Respondents-Appellants.

Fourth Department, June 25, 1971.

*Michaels & Michaels* (*Martin M. Michaels* of counsel), for appellant-respondent.

*Hancock, Estabrook, Ryan, Shove & Hust* (*William C. Allen, Jr.*, of counsel), for respondents-appellants.

HENRY, J. In this action for false arrest and imprisonment defendants pleaded and proved and the jury found that there were reasonable grounds for detaining plaintiff and that the detention was for a reasonable time. "Section 218 of the General Business Law makes reasonableness of arrest available to retail stores and their employees as a defense to civil false arrest suits" (*People* v. *Horman*, 22 N Y 2d 378, 380, cert. den. 393 U. S. 1057), and when they "have reasonable grounds for suspecting a person of having in his possession unpurchased merchandise * * * such person may be detained in a reasonable manner for a reasonable time for the purpose of making an investigation" (*Roker* v. *Gertz Long Is.*, 34 A D 2d 680).

The law gives a storekeeper this defense to an action for false arrest when he has reasonable grounds to believe that the plaintiff was committing or attempting to commit larceny. The question here is not whether the arrest was lawful or unlawful but is whether plaintiff was arrested and detained in a reasonable manner and detained for not more than a reasonable time.

Plaintiff selected several items of merchandise in defendant Sears Roebuck & Company's (Sears) self-service store. He put some of them in his pocket and did not exhibit them to the store cash register operator. When he left the store without paying for them defendant Varisco, a Sears security guard, who had observed his actions told him that he was under arrest and asked him to surrender the articles that were in his pocket. Plaintiff gave them to Varisco and went with him to Sears security office where he wrote answers on a printed questionnaire disclosing that he had taken merchandise that he had not paid for, that the interview in the security office lasted 10 minutes and that the company representative had acted reasonably. Plaintiff was taken from the store by a police officer. He was charged with petit larceny and released on bail. Thereafter the charge against him was dismissed on motion of the District Attorney. There being no allegation of malicious prosecution nor allegation or proof that defendants procured or instigated an unlawful arrest by the police officer, detention of plaintiff by defendants terminated when the police officer

took plaintiff into custody. (*Francis* v. *Taft Cleaners & Dyers,* 281 App. Div. 893.)

The record clearly establishes that plaintiff was arrested and detained by defendants in a reasonable manner and for not more than a reasonable time. The Trial Judge correctly charged the jury: " If you find under the General Business Law this detention was reasonable, you cannot award the plaintiff any damages for the time he was taken into custody by Mr. Varisco and turned over to the police officer ", and submitted questions to the jurors which they were directed to answer when they reported their general verdict. The jurors unanimously answered " yes " to the question " Was Mr. Henry Jacques detained for a reasonable time at Sears Roebuck & Co. and were there reasonable grounds to detain him? ", but they also announced a general verdict in favor of plaintiff in the amount of $1,600. The answer to the quoted special question was inconsistent with the general verdict. The trial court could have directed the entry of judgment for defendants dismissing the complaint in accordance with the answer to the special question or it could have required the jury to consider further its answers and verdict or it could have ordered a new trial. (CPLR 4111, subd. [c].) The trial court failed to act in accordance with any of the procedures specified in CPLR 4111 (subd. [c]) but instead denied defendants' motion for judgment in accordance with the special finding and erroneously rendered judgment on the general verdict for plaintiff.

Considering the overwhelming evidence in support of the jury's special finding, the trial court should have directed the entry of judgment for defendants dismissing the complaint. Upon this appeal from the order of County Court determining the appeal from the City Court judgment we review questions of law and fact (CPLR 5501, subd. [c]) and in disposing of the appeal we may reverse, affirm or modify the order and render a final determination (CPLR 5522) " and on such review [we are] empowered to and should render such judgment as should have been granted by the trial court ". (*Humble Oil & Refining Co.* v. *Jaybert Esso Serv. Sta.,* 30 A D 2d 952.)

The order appealed from should be modified to provide that judgment be entered in favor of defendants dismissing plaintiff's complaint.

CARDAMONE, J. (dissenting). I dissent. In his complaint, Jacques alleged that his failure to pay was unintentional. The defendants denied this and to meet the plaintiff's claim of a

false arrest alleged in three separate affirmative defenses that the arrest was (1) justified under section 183 of the Code of Criminal Procedure; (2) privileged under section 218 of the General Business Law; and (3) released by plaintiff's execution of a document so providing.

Considering these defenses in the order presented, it is clear, as to the first, that Varisco, as a security officer for Sears, was making a private person arrest which he is permitted to do for an offense committed in his presence (Code Crim. Pro., § 183, subd. 1). The validity of an arrest by a private person, however, depends on the guilt of the defendant (*McLoughlin* v. *New York Edison Co.,* 252 N. Y. 202, 205) and no consideration as to the reasonableness of the arresting person's belief is of any significance. That is, we speak in terms of consequences (see *People* v. *Cassone,* 20 A D 2d 118, 120, affd. 14 N Y 2d 798, remittitur amd. 14 N Y 2d 942, cert. den. 379 U. S. 892). Thus, since the charge of petit larceny against Jacques was dismissed upon the motion of the District Attorney, it follows that plaintiff's arrest was invalid. In this connection, the trial court properly instructed the jury to find for the defendants if they concluded that plaintiff was guilty of the crime of petit larceny. By their verdict, the jury obviously concluded he was not. (See *People* v. *Horman,* 22 N Y 2d 378, 380.)

As to the second defense, section 218 of the General Business Law provides, in substance, that in an action for false arrest brought by any person by reason of having been detained in the immediate vicinity of a retail store, it shall be a defense that the person was detained in a reasonable manner and for not more than a reasonable time. The clear and unambiguous language of section 218 provides a defense where there has been a reasonable *detention* for a reasonable time (emphasis supplied). The majority equates " detention " as used in section 218 with arrest. They are not the same. Arrest is the stopping of a person by authority of law; it is a legal restraint. (Webster's New International Dictionary, 3d ed.) Detention, however, is the bare physical stopping of a person to inquire. The distinction between them has been recognized in criminal cases. (*People* v. *Peters,* 18 N Y 2d 238, 243 [detention is a limited intrusion asking one for an explanation of his actions]; *People* v. *Rivera,* 14 N Y 2d 441, 445 [the stopping of a person to inquire is not an arrest].) Further, every available indication of statutory intent leads to the conclusion that the Legislature intended to create only a limited privilege to detain. (See, Assemblyman Campbell's Introductory Memorandum to Assem.

Intro. No. 145, N. Y. State Legis. Annual, 1960, p. 146; Governor Rockefeller's Memorandum, N. Y. State Legis. Annual, 1960, p. 568.) There is nothing to suggest that a fundamental change was intended in the law regarding private person arrest. (Cf. Restatement 2d, Torts, § 120 A, comment *d*, p. 203; *Gearity* v. *Strasbourger*, 133 App. Div. 701.)

Because this matter went beyond mere detention and was concededly an arrest, section 218 of the General Business Law provides no defense to the action. The defense fails because the statute provides a limited defense to civil false arrest suits "but does not validate an otherwise invalid private arrest" (see *People* v. *Horman, supra*, p. 380). The circumstances of this case show that Varisco purported to make an arrest, delivered Jacques to a police officer, and accompanied him to the police station for processing. Under these circumstances it was unnecessary to allege that Varisco instigated an arrest by a police officer (cf. *Vernes* v. *Phillips*, 266 N. Y. 298, 301; *Cicurel* v. *Mollet*, 1 A D 2d 239, affd. 1 N Y 2d 797; *Barnes* v. *Bollhorst*, 14 A D 2d 774). The facts show conclusively that Varisco was responsible for the arrest.

Viewed in this light, the trial court correctly concluded that the general verdict and the answers to the interrogatories were not inconsistent with the evidence (*Kennard* v. *Welded Tank & Constr. Co.*, 25 N Y 2d 324, 329). Evidence that Varisco had reasonable cause to detain was admissible at the trial on the theory of mitigation and was thus properly before the jury (22 N. Y. Jur., False Imprisonment, § 64).

There remains only the defense of appellant's purported signature on a release. The original of this release was apparently lost, only a copy was produced. Jacques denied that he had signed the release. This issue was properly presented to the jury as a question of fact. Because defendants entered no exceptions or request to the court's instructions as to the release, any errors in the instructions may not be considered on this appeal. (*Hermance* v. *Slopey*, 32 A D 2d 573, 574; *Zelasko* v. *Buffalo Tr. Co.*, 10 A D 2d 898.) It follows that the jury's finding in the plaintiff's favor should not be disturbed.

Thus, the order of Onondaga County Court should be reversed and the judgment of the City Court of the City of Syracuse reinstated in accordance with the general verdict of the jury.

MARSH, J. P., GABRIELLI and MOULE, JJ., concur with HENRY, J.; CARDAMONE, J., dissents and votes to reinstate the judgment of Syracuse City Court in an opinion.

Order modified on the law and facts in accordance with the opinion and as so modified affirmed, without costs.