■ Novo CORP., Successors by Merger to Novo SERVICES, INC., Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent. UNITED ARTISTS CORP. et al., Respondents-Appellants, v Novo CORPORATION, Doing Business as BONDED FILM STORAGE COMPANY, INC., Respondent, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. CHELSEA HOUSE EDUCATIONAL COMMUNICATIONS, Respondent-Appellant, v HOME INSURANCE Co., Defendant, Novo CORP., Respondent, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. TEACHING FILM CUSTODIANS, INC., Respondent-Appellant, v Novo CORP., Respondent, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. COLUMBIA PICTURES INDUSTRIES, INC., et al., Respondents-Appellants, v BONDED FILM STORAGE Co. et al., Respondents, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. DELUXE LABORATORIES, INC., Respondent, v Novo CORP., Respondent, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. ALLIED ARTISTS PICTURES CORP. et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.—Judgment, Supreme Court, New York County, entered July 19, 1975, after joint trial of seven actions to a jury unanimously modified, on the law and the facts, to strike therefrom the provision setting action No. 1 down for trial *de novo,* and to vacate the interim order declaring a mistrial in that action and its severance, and to grant the motion of defendant-respondent-cross-appellant Novo Corporation for interlocutory judgment in its favor on the issue of liability against defendant-appellant-respondent Consolidated Edison Company, and to return action No. 1. to the calendar clerk to be restored to the Trial Calendar upon further order of the Supreme Court, New York County, upon application of either party for assessment of damages, with $60 costs and disbursements to defendant-respondent-cross-appellant Novo Corporation against defendant-appellant-respondent Consolidated Edison Company, and otherwise affirmed, with $60 costs and disbursements to all other plaintiffs-respondents against defendant-appellant-respondent Consolidated Edison Company. All plaintiffs-respondents were owners of film stored in the warehouse operated by Novo Corporation. An explosion occurred in Novo's warehouse, which caused extensive damage to the property of the various bailors. In five separate actions (No. 2 through No. 6), they sued both Novo and Consolidated Edison, claiming the explosion to have been the result of seepage into Novo's warehouse of leaking natural gas from the utility's line

which passed the warehouse and supplied, not Novo, but the factory next door. Action No. 1 was brought by Novo against Consolidated Edison, and a seventh action (No. 7) was brought against the latter only, and it claimed over against Novo by impleader. A joint trial ensued, terminating in special verdicts in answer to three sets of two questions each put to the jury; all but one were unanimous. The verdicts (questions Nos. 3 and 4) in respect of the suits against Novo (actions Nos. 2 through 6, and 7 by claim over) for breach of contract of bailment stated the bailee's complete lack of negligence or contributory negligence. The verdicts (questions Nos. 5 and 6) in the claims against Consolidated Edison (all actions but No. 1) held that natural gas leaking from its line to the factory next door to Novo constituted negligence and was the proximate cause of the explosion. Interlocutory judgment for liability against Consolidated Edison was directed on the basis of the four special verdicts (questions Nos. 3, 4, 5 and 6). The evidence, both lay and expert was overwhelmingly in favor of Novo and against Consolidated Edison. Indeed, there was not an iota of proof that Novo had contributed by either commission or omission to the happening of the explosion. The four special verdicts above referred to were fully justified, and any verdict holding Novo guilty of negligence would have been repugnant thereto. To this point, the jury was completely consistent. The other two questions related to action No. 1. On question No. 1, the jury found that Novo had proven Consolidated Edison guilty of negligence. Question No. 2 provided the only split verdict, and a nullity at that: by a vote of four against two, the jury said that Novo had proven its own freedom from contributory negligence. A mistrial was declared in action No. 1 because of the incomplete verdict on question No. 2, and Novo's postverdict motion to direct judgment for Novo against Consolidated Edison on the basis of the uncontradicted evidence was denied. In the circumstances described, the motion should have been granted. Five of the six special verdicts, solidly based on the evidence, pointed that way; the sixth was inconclusive to say the least, and, at best, inconsistent. As to the parallel situation of repugnance of a special verdict to a general verdict (see *Kennard v Housing Assoc.,* 26 Misc 2d 1000, affd 27 AD2d 578, affd 25 NY2d 324). We have the authority to do what Trial Term should have done, and we do so. *(Jacques v Sears Roebuck & Co.,* 37 AD2d 121, affd 30 NY2d 466; CPLR 5522.) Concur—Stevens, P. J., Markewich, Capozzoli, Nunez and Lynch, JJ.