■ CAROLYN T. FRENCH, Appellant, et al., Plaintiff, v ALFRED L. SCHIAVO et al., Respondents. [752 NYS2d 294] —Judgment, Supreme Court, New York County (Thomas Keegan, J., and a jury), entered September 10, 2001, in an action for personal injuries sustained when plaintiff was hit by a car owned and operated by defendants, apportioning fault 20% against plaintiff, and awarding her preapportionment damages in the principal amounts of $100,000 and $50,000 for past and future pain and suffering, respectively, $34,792.31 and $0 for past and future lost earnings, respectively, and $54,639.55 and $35,000 for past and future medical expenses, respectively, unanimously reversed, on the law, without costs, and the matter remanded for a new trial.

Plaintiff Carolyn French was struck and injured while crossing the road at the intersection of Sixth Avenue and 57th Street. Upon seeing her for the first time following opening statements, a juror advised the court that she looked familiar to him. Upon questioning by plaintiffs' counsel, the juror stated that he had once been involved in party planning and that he thought he had seen the injured plaintiff at a corporate Christmas party. He remarked that certain people "stick out in my mind from time to time," adding that some people "are not genuine when they are speaking to you and their whole manner is not honest." He identified Ms. French as one of a "group of women together carrying on" and who spoke to him, "it could have been in a belittling way." The juror added that he would be unable "to render a fair and impartial decision * * * because * * * I don't really agree with basing a reward [*sic*] on potential." The ensuing discussion between court and counsel was conducted off the record.

Plaintiffs' posttrial motion to set aside the jury verdict should

have been granted. The juror's remarks indicate that he was neither impartial with respect to the injured plaintiff nor amenable to an award of future damages. His remarks constitute a sufficient expression of bias towards plaintiff's case to have warranted a meaningful and probing inquiry by the court, if not his immediate removal from the jury panel (*see Moon v Finkle*, 3 AD2d 802). Were we not to reverse on this basis, we would remand the matter on the ground that the award of damages for past and future pain and suffering is inadequate and deviates materially from reasonable compensation considering the nature and extent of plaintiff's injuries. Concur—Williams, P.J., Nardelli, Ellerin, Rubin and Marlow, JJ.