■ GLORIA NARVAEZ, Appellant, v VINCENT A. PICCONE, Respondent. [792 NYS2d 185]—

In an action to recover damages for medical malpractice, the plaintiff appeals (1) from a judgment of the Supreme Court, Richmond County (Minardo, J.), entered August 8, 2003, which, upon a jury verdict, is in favor of the defendant and against her, and (2), as limited by her brief, from so much of an order of the same court dated September 22, 2003, as denied that branch of her motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict in the interest of justice.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, the motion is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Richmond County, for a new trial; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of the determination on the appeal from the order; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to set aside the verdict on the ground of juror bias. During the trial a juror advised the court unequivocally that, on the basis of his personal experience outside the evidence presented at trial, he would disregard the testimony of the plaintiff's expert with respect to the defendant's failure to maintain contemporaneous reports of the surgical procedures in issue. That failure was a critical element of the plaintiff's case with respect to the credibility of the defendant, as evidenced by the charge given to the jury that the jury could draw an adverse inference against the defendant as a result of the absent reports. The juror's predetermination of this issue, therefore, made him unable to render an impartial verdict and deprived the plaintiff of a fair trial (*see French v Schiavo*, 300 AD2d 119, 120 [2002]). Accordingly, a new trial should have been granted. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.