■ ROSALYN TROUTMAN et al., Appellants, v 957 NASSAU ROAD, LLC, et al., Respondents. [895 NYS2d 444]—

In an action to recover damages for wrongful death, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Spinola, J.), entered June 13, 2008, which, upon a

jury verdict on the issue of liability in favor of the defendants and against them, is in favor of the defendants and against them, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability, and a trial on the issue of damages, if warranted.

At trial, the plaintiffs presented evidence that their decedent, who died after sustaining a severe head injury in a fall, slipped and fell on a patch of ice located upon the defendants' property. However, the defendants presented certain evidence indicating that the decedent's injuries were the result of a fall at his home.

After the close of the plaintiffs' case, a juror informed the trial court that she knew one of the witnesses who was going to testify for the defense. The juror explained that she lived in the same neighborhood as the witness, and graduated from high school with her. The juror also indicated that the extent of their relationship was that they would occasionally see each other on the street, say hello, and ask each other how they were doing. The juror then indicated, in response to the court's questioning, that she would "treat" the witness "the same as all other witnesses," and that "nobody . . . started [the] case with an advantage." The court then voiced its "opinion" that the juror was "okay," "seemed like she could be fair," and should "stay."

However, defense counsel then made an application, which the plaintiffs' attorney opposed, for the juror to be replaced with an alternate juror. At that point, the trial court, upon observing that the "trial" was already a "lengthy" one, decided that "the safest course of action" would be to replace the juror with an alternate juror. The court explained that "a lot of times," jurors like the juror in question, who "know someone" and "say they think they will be okay," end up "hav[ing] a problem when they are making a decision." Hence, the court granted defense counsel's application. However, the court erred in doing so.

CPLR 4106 provides that, in a civil case, if, before the final submission of the case to the jury, a seated juror "dies, or becomes ill, or for any other reason is unable to perform his [or her] duty," the trial court may remove the juror and replace the juror with an alternate juror. This Court, in interpreting the phrase "or for any other reason is unable to perform his [or her] duty" (CPLR 4106), has determined that a seated juror in a civil case may be removed from the jury if he or she "has evinced a certain bias or prejudice against one of the parties"

(*Mark v Colgate Univ.*, 53 AD2d 884, 886 [1976]; *see Narvaez v Piccone*, 16 AD3d 641, 642 [2005]; *French v Schiavo*, 300 AD2d 119, 119-120 [2002]). Here, however, there was no indication that the juror in question evinced any bias or prejudice against one of the parties. Furthermore, the trial court's concern that such a bias or prejudice might eventually surface was speculative. Under these circumstances, the court should have denied defense counsel's application, and should not have replaced the juror with an alternate juror (*cf. Wisholek v Douglas*, 280 AD2d 220, 224 [2001], *revd on other grounds* 97 NY2d 740 [2002]). Therefore, the judgment must be reversed, the complaint reinstated, and the matter remitted for a new trial on the issue of liability.

In light of our determination, we do not address the plaintiffs' remaining contentions. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.