■ DESTINY GONZALEZ AVILA et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [901 NYS2d 23]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered June 5, 2008, after a jury verdict awarding $8

million in damages to the infant plaintiff, unanimously reversed, on the law, without costs, the award vacated, and the matter remanded for a new trial.

Several hours after the jury commenced deliberations in this medical malpractice case, juror number three, the only female on the jury, ran out of the jury room stating, "I'm not going back there again. . . . I'm starting to physically fight and I'm not going to be in the room." A court officer took the juror to the robing room and instructed the remaining jurors to cease deliberations. Upon learning of the incident, the trial judge, after consulting with both counsel and without objection, declined to interview the disaffected juror to find out what caused her to leave the jury room.

Instead, the court gave the entire jury a modified *Allen* charge (*Allen v United States*, 164 US 492 [1896]). During the charge, the court told the jury that the "heated" deliberations had caused juror number three to become "very upset and a little bit fearful." The court then instructed the jury to deliberate in an "adult way," without "invective" or "threats," and sent them back to resume deliberations. At the end of the day, after receiving a note stating that the jury had reached a verdict on some of the interrogatories, the court recessed and directed deliberations to resume the following day.

The next morning, juror number three delivered the following note to the court: "Your Honor, after taking the night off and trying to relax, I have come here and decided that I must write a letter to you regarding yesterday's deliberation. There is a juror who has been intimidating and threatening. In addition, he has physically threatened another juror and the situation was ended when other jurors intervened. I do not believe that I should be intimidated and/or feel threatened to change my decision. I do not feel comfortable to make a rational decision on this case, because of this person. Respectfully, . . . Juror Number Three." After briefly hearing from plaintiffs' lawyer, the court stated that it would replace the juror with one of the alternates and instruct the jury to begin their deliberations anew.

Defense counsel protested and proposed that before replacing juror number three, the court interview all the jury members to determine whether another juror was exhibiting threatening behavior. Counsel suggested that perhaps the allegedly threatening juror should be removed instead, and reminded the court that juror number three did not state that she could no longer deliberate. Plaintiffs' counsel objected to the court's interviewing the jurors and asked that juror number three be replaced

with an alternate. The court declined to interview any jurors on the basis that it would interfere with the jury process, and stated that it would relieve the juror. Defense counsel excepted to this decision, and the court proceeded to substitute an alternate for juror number three. The jury subsequently rendered a verdict in favor of plaintiff.

The trial court should have conducted an inquiry into juror number three's complaint before discharging her (*see People v Rukaj*, 123 AD2d 277 [1986]; *People v Lavender*, 117 AD2d 253 [1986], *appeal dismissed* 68 NY2d 995 [1986]). The juror's note here did not simply report a "spirited dispute" (*People v Sampson*, 201 AD2d 314 [1994], *lv denied* 83 NY2d 971 [1994]) or "belligerent conduct" (*People v Gathers*, 10 AD3d 537, 537 [2004], *lv denied* 3 NY3d 740 [2004]), but instead alleged that one jury member had physically threatened another. In light of the serious nature of the complaint, it was incumbent on the court, in the first instance, to interview the juror making the allegation, and then determine if any further inquiry of the other jurors was necessary. The court's discharge of the complaining juror without any inquiry or finding that the juror was "unable to perform [her] duty" (CPLR 4106) was improper (*see Troutman v 957 Nassau Rd., LLC*, 70 AD3d 672 [2010]).

Contrary to the trial court's characterization, the juror's note did not request that she be removed from the jury. She never specifically indicated that she could not deliberate fairly or that she wished to be relieved from further service. Rather, she expressed her concern that she would not be comfortable continuing if she were to be intimidated by the other juror or threatened to change her decision. The court's concern that it could not conduct an inquiry of the jurors without interfering with the deliberative process, while understandable, was misplaced. The court could, however, have conducted a further inquiry into the allegations while at the same time ensuring that no information about the deliberations be disclosed (*see People v Pickett*, 61 NY2d 773 [1984]).

The trial court also should not have replaced the disaffected juror with an alternate without defense counsel's consent. The substitution of an alternate juror after deliberations have commenced, without consent, violates the right to a trial by jury (NY Const, art I, § 2), invalidating any resulting verdict (*Gallegos v Elite Model Mgt. Corp.*, 28 AD3d 50, 55 [2005]). Here, the record is clear that defendants did not agree to replacing the juror and in fact specifically objected to any substitution (*see id.* at 59).

Plaintiffs' arguments to the contrary are unavailing. Merely

because defense counsel agreed to keep the alternates after the original six jurors began their deliberations does not mean that she prospectively consented to all future substitutions. Nor did the fact that counsel acknowledged, after the court had already decided to replace the juror, that the alternates needed to be "looked at" evince a clear consent to replacing juror number three with an alternate. Counsel simply indicated that the alternates might have to be considered, but expressly asked the court to conduct an inquiry of each and every juror before any substitution was made. Concur—Gonzalez, P.J., Tom, Andrias, Nardelli and Richter, JJ.