Garbie v Ahmad (2019 NY Slip Op 00098)





Garbie v Ahmad


2019 NY Slip Op 00098


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-12282
 (Index No. 4132/10)

[*1]Martha Garbie, etc., et al., appellants,
v
Aziz Ahmad, et al., defendants, Gita Vatandoust, et al., respondents.


The Cochran Firm, by Paul B. Weitz & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone of counsel), for respondents Gita Vatandoust and Goethals Radiology, P.C.
Amabile & Erman, P.C., Staten Island, NY (Marc J. Falcone of counsel), for respondent Lawrence A. Mancino.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Michelle Weston, J.), dated October 30, 2015. The judgment, upon a jury verdict in favor of the defendants Gita Vatandoust, Lawrence M. Mancino, and Goethals Radiology, P.C., on the issue of liability, in effect, dismissed the complaint insofar as asserted against those defendants.
ORDERED that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the complaint is reinstated insofar as asserted against the defendants Gita Vatandoust, Lawrence M. Mancino, and Goethals Radiology, P.C., and the matter is remitted to the Supreme Court, Kings County, for a new trial with respect to those defendants.
In 2013, CPLR 4106 was amended to provide that a trial court may discharge a regular juror and replace that juror with an alternate juror, even after deliberations have begun, if the juror has "become[ ] unable to perform the duties of a juror" (CPLR 4106; see L 2013 ch 204). In determining whether discharge and replacement of a juror is appropriate, a trial court must, after receiving notice that a juror may not be able to perform his or her duty, make whatever inquiry is reasonably necessary to determine whether the juror should be discharged and replaced with an alternate juror (cf. Avila v City of New York, 73 AD3d 444, 446; People v Tufano, 124 AD2d 688, 689). Failure to make adequate inquiry is error (cf. Avila v City of New York, 73 AD3d at 446; see generally People v Pizarro, 24 AD3d 309, affd 7 NY3d 840).
In this medical malpractice action, the Supreme Court received a note during deliberations that "a juror cannot come to a fair decision due to emotional distress." The court, [*2]however, refused to conduct any inquiry as to the nature of the juror's difficulty, and refused even to speak to the juror individually. Instead, over objection, it excused the juror and seated an alternate. The court's failure to make adequate inquiry was error, requiring a new trial (cf. People v Avila, 73 AD3d at 446-447). We reject the contention that, by generally consenting to the retention of alternate jurors, the plaintiff consented to the court's substitution of a deliberating juror by an alternate juror without adequate inquiry (id.).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court